United States District Court
Eastern District of Michigan
Southern Division

**EASY ONLINE SOLUTIONS, LTD.** d/b/a MojoHost, a Michigan corporation,

    *Plaintiff*,

v.

**MAGEMOJO, LLC**, a Pennsylvania limited liability company,

    *Defendant*.

Case No.
District Judge
Magistrate Judge

**Jury Trial Demanded**

## Complaint for Trademark Infringement

Plaintiff EASY ONLINE SOLUTIONS, LTD. d/b/a MojoHost, for its complaint against defendant MAGEMOJO, LLC, alleges as follows:

### Preliminary Statement

1.    This is an action for infringement of Plaintiff's federally-registered service mark MOJOHOST under section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of unfair competition under Michigan statutory and common law, all arising from the Defendant's unauthorized use of the mark MOJOHOST in connection with the marketing, advertising, promotion, offering for sale, and sale of Defendant's hosting services.

2.    Plaintiff seeks injunctive and monetary relief.

### Jurisdiction

3.    The Court has jurisdiction over this action under 15 U.S.C. § 1121, 28

U.S.C. §§ 1331, 1332(a), and 1338(a) and (b), and in accordance with the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

4. Personal jurisdiction in this district is proper inasmuch as, among other reasons, Defendant has solicited and conducted business in the state of Michigan thereby purposefully availing itself of the privilege of acting in the state of Michigan. Personal jurisdiction is also proper under Michigan's long-arm statute, Mich. Comp. Laws § 600.735, because, among other things, Defendant regularly does or solicits business in the state of Michigan and provides in its terms of service that Michigan law governs.

### Venue

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

### Parties

6. Plaintiff EASY ONLINE SOLUTIONS, LTD. d/b/a MojoHost is a corporation that is incorporated in Michigan and has its principal place of business in Bingham Farms, Michigan. Since 1999, Plaintiff has been providing businesses and individuals with commerce, hosting, and web site solutions.

7. On information and belief, Defendant MAGEMOJO, LLC is a limited liability company formed under the laws of Pennsylvania and does business in Pittsburgh, Pennsylvania, with its principal place of business located at 428 Forbes Avenue, Pittsburgh, Pennsylvania 15219. On information and belief, Defendant was founded in 2009 for the purpose of hosting Magento® online stores for various

businesses.

## Facts

### A. Plaintiff and its MOJOHOST Mark

8.  Plaintiff is a managed webhosting company founded in 1999.

9.  Plaintiff is the owner of valid and subsisting United States Service Mark Registration No. 417,7472 on the Principal Register in the United States Patent and Trademark Office for the service mark MOJOHOST (the "MOJOHOST Mark") for services, which has become incontestable within the meaning of section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached as exhibit 1 is a true copy of the registration certificate and maintenance records for Plaintiff's United States Service Mark Registration No. 417,7472, which was issued by the United States Patent and Trademark Office on July 24, 2012.

10. Plaintiff has used the MOJOHOST Mark in commerce throughout the United States continuously since April 1, 2004 in connection with the provision, offering for sale, sale, marketing, advertising, and promotion of website hosting services and solutions. Attached as exhibit 2 are copies of representative samples of marketing, advertising, and promotional materials showing Plaintiff's use of the MOJOHOST Mark in connection with these website hosting services and solutions.

11. As a result of its widespread, continuous, and exclusive use of the MOJOHOST Mark to identify its website hosting services and solutions and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the MOJOHOST Mark.

12. Plaintiff's MOJOHOST Mark is distinctive to both the consuming

3

public and Plaintiff's trade.

13. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the website hosting services and solutions sold under the MOJOHOST Mark including through digital marketing, printing marketing, tradeshows, seminars, social events, and social media.

14. Plaintiff provides and sells the website hosting services and solutions under the MOJOHOST Mark on the Internet through its website located at www.mojohost.com and using Internet advertising.

15. Plaintiff offers and sells its website hosting services and solutions under its MOJOHOST Mark to individuals and businesses around the world, including to individuals and businesses that operate Magento® online stores.

16. The website hosting services and solutions Plaintiff offers under the MOJOHOST Mark are of high quality.

17. As a result of Plaintiff's expenditures and efforts, the MOJOHOST Mark has come to signify the high quality of the website hosting services and solutions designated by the MOJOHOST Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

18. Plaintiff's MOJOHOST Mark and the website hosting services and solutions offered under it have received significant unsolicited coverage in various media.

19. Plaintiff has scrupulously and successfully enforced and protected its MOJOHOST Mark against past infringements.

**B.     Defendant's Unlawful Activities**

20.     On information and belief, Defendant is engaged in the business of website hosting on the Internet with an emphasis on hosting websites running Magento® stores.

21.     Without Plaintiff's authorization, and on information and belief, beginning after Plaintiff acquired protectable exclusive rights in its MOJOHOST Mark, Defendant adopted and began using the mark MAGEMOJO (the "Infringing MageMojo Mark") and adopted and began using a mark identical to Plaintiff's MOJOHOST Mark (the "Infringing Mojo Host Mark;" together with the Infringing MageMojo Mark, the "Infringing Marks") in US commerce.

22.     The Infringing MageMojo Mark adopted and used by Defendant is confusingly similar to Plaintiff's MOJOHOST Mark in that they both use the inherently distinctive word "Mojo." The "Mage" part of the Infringing MageMojo Mark, which is short for Magento®, is merely descriptive of the Magento® hosting services offered by Defendant.

23.     The Infringing Mojo Host Mark adopted and used by Defendant is identical to Plaintiff's MOJOHOST Mark with the exception that it is two words instead of one word.

24.     On information and belief, Defendant has been engaged in the provision, advertising, promotion, offering for sale, and sale of website hosting services using the Infringing Marks throughout the United States. Attached as exhibit 3 are copies of representative screenshots showing Defendants' use of the Infringing Marks.

25. On information and belief, the website hosting services Defendant has provided, marketed, advertised, promoted, offered for sale, and sold under the Infringing Marks are the same as or confusingly similar to those provided, marketed, advertised, promoted, offered for sale, and sold under the MOJOHOST Mark by Plaintiff.

26. On information and belief, Defendant has provided, marketed, advertised, promoted, offered for sale, and sold its website hosting services under the Infringing Marks through its websites located at www.magemojo.com and www.mojohostmanager.com just like Plaintiff does through its website located at www.mojohost.com.

27. On information and belief, Defendant has marketed, advertised, and promoted its website hosting services under the Infringing Marks through the Internet, including social media just like Plaintiff does.

28. On information and belief, Defendant offers and sells its website hosting services under the Infringing Marks to users of the Magento® open-source ecommerce platform. Plaintiff offers and sells its website hosting services to anyone, including users of the Magento® open-source ecommerce platform.

29. On September 6, 2018, Plaintiff's counsel sent a cease and desist letter to Defendant objecting to Defendant's use of the Infringing Marks. Attached as exhibit 4 is a copy of Plaintiff's counsel's September 6, 2018 cease and desist letter to Defendant.

30. On November 12, 2018, Defendant's counsel responded to the cease and desist letter and argued, among other things, that there is "no risk of confusion"

because Defendant "exclusively host content in the Magento space" whereas Plaintiff "hosts primarily adult content." Nevertheless, Defendant acknowledges in the letter its unauthorized and willful use of the Infringing Marks, including the Infringing Mojo Host Mark. Attached as exhibit 5 is a copy of Defendant's counsel's November 12, 2018 response to Plaintiff's counsel's cease and desist letter.

31. Defendant's infringing acts as alleged here have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's website hosting services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's website hosting services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

32. On information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's MOJOHOST Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's website hosting services to the Defendant.

33. Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

### Count I
### Federal Service Mark Infringement

34. Plaintiff repeats and realleges paragraphs 1 through 33 of this complaint, as if fully stated here.

35. Defendant's unauthorized use in commerce of the Infringing Marks as alleged in this complaint is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services, and is likely to cause consumers to believe, contrary to fact, that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct therefore constitutes service mark infringement in violation of section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

36. On information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the MOJOHOST Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

37. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

38. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### Count II
### Federal Unfair Competition

39. Plaintiff repeats and realleges paragraphs 1 through 33 of this complaint, as if fully stated here.

40. Defendant's unauthorized use in commerce of the Infringing Mark as

8

alleged in this complaint is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services, and is likely to cause consumers to believe, contrary to fact, that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

41. Defendant's unauthorized use in commerce of the Infringing Marks as alleged in this complaint constitutes use of a false designation of origin and misleading description and representation of fact.

42. On information and belief, Defendant's conduct as alleged here is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

43. Defendant's conduct as alleged in this complaint constitutes unfair competition in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44. Defendant's conduct as alleged in this complaint is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

45. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## Count III
## Reverse Confusion

46.     Plaintiff repeats and realleges paragraphs 1 through 33 of this complaint, as if fully stated here.

47.     Plaintiff alleges reverse confusion under section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48.     Plaintiff is the senior user of the MOJOHOST Mark, which is a valid, protectable service mark that is federally registered in the United States Patent and Trademark Office.

49.     Defendant is the junior user of the MOJOHOST Mark, which it has used without Plaintiff's consent, in a manner that is likely to cause confusion among ordinary purchasers as to the source of the services. On information and belief, Defendant has advertised the MOJOHOST Mark, and appropriated for itself goodwill that rightfully should belong to Plaintiff.

50.     Defendant's actions are likely to lead the public to conclude, incorrectly, that Plaintiff's services originate from Defendant, which will damage both Plaintiff and the public.

51.     Defendant's unauthorized use of the MOJOHOST Mark in interstate commerce constitutes reverse confusion and is likely to cause consumer confusion, mistake, or deception.

52.     As a direct and proximate result of Defendant's reverse confusion, Plaintiff has suffered and will continue to suffer loss of income, profits, and good will and Defendant has and will continue to unfairly acquire income, profits, and goodwill.

53. Defendant's acts resulting in reverse confusion will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## Count IV
## Common Law Service Mark Infringement

54. Plaintiff repeats and realleges paragraphs 1 through 33 of this complaint, as if fully stated here.

55. Plaintiff owns all interest in and to the MOJOHOST Mark, including all common law rights in the MOJOHOST Mark, and the MOJOHOST Mark is distinctive.

56. The above-mentioned acts of Defendant constitutes service mark infringement in violation of the common law of the state of Michigan.

57. On information and belief, Defendant has acted with knowledge of the MOJOHOST Mark and with the deliberate intention to unfairly benefit from the incalculable goodwill symbolized by it.

58. Defendant has profited from its unlawful actions and has been unjustly enriched to the detriment of Plaintiff. Defendant's unlawful actions have caused Plaintiff monetary damage in an amount presently unknown, but in an amount to be determined at trial.

59. On information and belief, by its acts, Defendant has made and will make substantial profits and gains to which it is not in law or equity entitled.

60. On information and belief, Defendant intends to continue its willfully infringing acts unless restrained by this Court.

61. Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy under law.

## Count V
## Common Law Unfair Competition

62. Plaintiff repeats and realleges paragraphs 1 through 33 of this complaint, as if fully stated here.

63. Defendant's use of the Infringing Marks in commerce in connection with its services is intended to cause, has caused, and is likely to continue to cause confusion, mistake, and deception among the general consuming public and the trade as to whether the services bearing the Infringing Marks originate from, or are affiliated with, sponsored by, or endorsed by Plaintiff.

64. On information and belief, Plaintiff competes with Defendant for a common pool of customers.

65. On information and belief, Defendant has acted with knowledge of the MOJOHOST Mark and with the deliberate intent to deceive the general consuming public and the trade, and to benefit unfairly from the incalculable goodwill symbolized by the MOJOHOST Mark.

66. The above-mentioned acts of Defendant constitutes unfair competition in violation of the common law of the state of Michigan.

67. On information and belief, by its acts, Defendant has made and will make substantial profits and gains to which it is not in law or equity entitled.

68. On information and belief, Defendant intends to continue its willfully infringing acts unless restrained by this Court.

69. Defendant's acts have damaged and will continue to damage Plaintiff and Plaintiff has no adequate remedy under law.

## Count VI
## Michigan Consumer Protection Act

70. Plaintiff repeats and realleges paragraphs 1 through 33 of this complaint, as if fully stated here.

71. Defendant's use of the Infringing Marks in commerce in connection with its goods and services is intended to cause, has caused, and is likely to continue to cause confusion, mistake, and deception among the general consuming public and the trade as to whether the goods and services bearing the Infringing Marks originate from, or are affiliated with, sponsored by, or endorsed by Plaintiff.

72. The aforesaid acts of Defendant constitute a violation of the Michigan Consumer Protection Act, Mich. Comp. Laws §§ 445.901–445.922.

73. On information and belief, Defendant has acted with knowledge of the MOJOHOST Mark and with the deliberate intention to unfairly benefit from the incalculable goodwill symbolized by it.

74. Defendant has profited from its unlawful actions and has been unjustly enriched to Plaintiff's detriment. Defendant's unlawful actions have caused Plaintiff monetary damages in an amount presently unknown, but in an amount to be determined at trial.

75. On information and belief, by its acts, Defendant has made and will make substantial profits and again to which it is not entitled in law or equity.

76. Defendant's intentional and willful conduct has caused, and will

continue to cause, Plaintiff irreparable harm unless enjoined, and Plaintiff has no adequate remedy at law.

## Prayer for Relief

Plaintiff EASY ONLINE SOLUTIONS, LTD. d/b/a MojoHost requests judgment against Defendant MAGEMOJO, LLC as follows:

1. That Defendant has violated section 32 of the Lanham Act (15 U.S.C. § 1114) and section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2. That Defendant has engaged in service mark infringement and unfair competition under the common law of the state of Michigan and has violated the Michigan Consumer Protection Act, Mich. Comp. Laws §§ 445.901–445.922.

3. Granting an injunction, temporarily, preliminarily, and permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, and affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

  a. providing, selling, marketing, advertising, promoting, or authorizing any third party to provide, sell, market, advertise, or promote any services bearing the mark MOJOHOST or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's MOJOHOST Mark;

  b. engaging in any activity that infringes Plaintiff's rights in its MOJOHOST Mark;

  c. engaging in any activity constituting unfair competition with Plaintiff;

      d.      making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

      e.      using or authorizing any third party to use in connection with any business or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate that business or services with Plaintiff or tend to do so;

      f.      registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark MOJOHOST or any other mark that infringes or is likely to be confused with Plaintiff's MOJOHOST Mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

      g.      aiding, assisting, or abetting any other individual or entity in doing any act prohibited by subparagraphs (a) through (f).

      4.      Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant is in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's

services.

5. Directing Defendant to promptly stop all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, or use of all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the marks MAGEMOJO or MOJO HOST or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's MOJOHOST Mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's services to stop forthwith the display, distribution, marketing, advertising, promotion, sale, or offering for sale of all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the marks MAGEMOJO or MOJO HOST or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's MOJOHOST Mark, and to promptly remove them from public access and view.

6. Directing that Defendant recall and deliver up for destruction or other disposition all packaging, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the marks MAGEMOJO or MOJO HOST or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's MOJOHOST Mark.

7. Directing Defendant to formally abandon with prejudice any

applications to register the mark MAGEMOJO or any mark consisting of, incorporating, or containing Plaintiff's MOJOHOST Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation of it on any state or federal trademark registry.

8. Directing Defendant to cancel with prejudice any registrations for the mark MAGEMOJO or any mark consisting of, incorporating, or containing Plaintiff's MOJOHOST Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation of it on any state or federal trademark registry.

9. Directing, under section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the court and serve on Plaintiff's counsel within 30 days after service on Defendant of an injunction in this action, or that extended period as the court may direct, a report in writing under oath, stating in detail the manner and form in which Defendant has complied with the injunction.

10. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

11. Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) and Michigan law, enhanced as appropriate to compensate Plaintiff for the damages caused by it.

12. Awarding Plaintiff its actual damages in accordance with Michigan law.

13. Declaring that this is an exceptional case under section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees under

section 35(a) (15 U.S.C. § 1117(a)).

14. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

15. Awarding such other and further relief as the Court deems just and proper.

Respectfully submitted,

**SILVERSTEIN LEGAL**

By: /s/Corey D. Silverstein
COREY D. SILVERSTEIN (P69651)
*Attorneys for Plaintiff*
30150 Telegraph Road, Suite 444
Bingham Farms, Michigan 48025
(248) 290-0655
Dated: March 7, 2019    corey@silversteinlegal.com

### Demand for Jury Trial

Plaintiff hereby demands a trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure and by the Local Rules of this Court.

Respectfully submitted,

**SILVERSTEIN LEGAL**

By: /s/Corey D. Silverstein
COREY D. SILVERSTEIN (P69651)
*Attorneys for Plaintiff*
30150 Telegraph Road, Suite 444
Bingham Farms, Michigan 48025
(248) 290-0655
Dated: March 7, 2019    corey@silversteinlegal.com